John E. Flaherty
Jonathan M.H. Short
Carissa L. Rodrigue
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs AstraZeneca AB,*
*AstraZeneca LP, KBI-E Inc. and Pozen Inc.*

Einar Stole
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-5095

*Of Counsel for Plaintiffs AstraZeneca AB and*
*AstraZeneca LP*

Stephen M. Hash
VINSON & ELKINS LLP
2801 Via Fortuna
Suite 100
Austin, TX 78746-7568
(512) 542-8504

*Of Counsel for Plaintiff Pozen Inc.*

Mary W. Bourke
Kristen Healey Cramer
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

R. James Balls
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC 20006
(202) 572-0335

*Of Counsel for Plaintiffs AstraZeneca AB,*
*AstraZeneca LP, and Pozen Inc.*

Henry J. Renk
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800
(212) 218-2250

*Of Counsel for Plaintiffs AstraZeneca AB,*
*AstraZeneca LP, and KBI-E Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASTRAZENECA AB, ASTRAZENECA LP, KBI-E INC., and POZEN INC., | ) ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiffs, | ) ) | **COMPLAINT FOR** |
| | ) | **PATENT INFRINGEMENT** |
| v. | ) ) | |
| LUPIN  LTD. and LUPIN PHARMACEUTICALS INC., | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiffs AstraZeneca AB, AstraZeneca LP, KBI-E Inc., and Pozen Inc. (collectively, "Plaintiffs"), by their attorneys, for their Complaint against Defendants Lupin Ltd. and Lupin Pharmaceuticals Inc. (collectively, "Defendants"), allege as follows:

## NATURE OF THE ACTION

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq*., and in particular under 35 U.S.C. § 271(e).  This action relates to Abbreviated New Drug Application ("ANDA") No. 202654 filed by or for the benefit of Defendants with the United States Food and Drug Administration ("FDA") for approval to market generic versions of Plaintiffs' VIMOVO® pharmaceutical products that are sold in the United States.

## THE PARTIES

2.      Plaintiff AstraZeneca AB ("AZ AB") is a corporation operating and existing under the laws of Sweden, with its principal place of business at S-151 85 Södertälje, Sweden.

3.      Plaintiff AstraZeneca LP ("AZ LP") is a limited partnership operating and existing under the laws of the State of Delaware, with its principal place of business at 1800 Concord Pike, Wilmington, Delaware 19803.

4.      Plaintiff KBI-E Inc. ("KBI-E") is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business in Wilmington, Delaware.

5.      Plaintiff Pozen Inc. ("Pozen") is a corporation operating and existing under the laws of the State of Delaware, with its principal place of business at 1414 Raleigh Road, Chapel Hill, North Carolina 27517.

6.      On information and belief, Defendant Lupin Ltd. ("Lupin Ltd.") is a corporation operating and existing under the laws of India, with its principal place of business at B/4 Laxmi

2

ME1 12030444v.1

Towers, Bandra Kurla Complex, Bandra (E), Mumbai 400 051, India, and its registered office at

159 CST Road, Kalina, Santacruz (E), Mumbai 400 098, India.

7.      On information and belief, Defendant Lupin Pharmaceuticals Inc. ("Lupin Inc.")

is a corporation operating and existing under the laws of the Commonwealth of Virginia, with its

principal place of business at 111 South Calvert Street 21st Floor, Baltimore, MD 21202.

8.      On information and belief, Lupin Inc. is a wholly-owned subsidiary of Lupin Ltd.

## BACKGROUND

### The NDA

9.      AZ LP is the holder of New Drug Application ("NDA") No. 022511 for

VIMOVO® (naproxen and esomeprazole magnesium) Delayed Release Tablets, in 375 mg

(naproxen)/20 mg (esomeprazole magnesium) and 500 mg (naproxen)/20 mg (esomeprazole

magnesium) dosage forms.

10.     VIMOVO® is a prescription drug approved for use to relieve the signs and

symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the

risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment

with non-steroidal anti-inflammatory drugs (NSAIDs).  Naproxen and esomeprazole magnesium

are the active ingredients in VIMOVO®.

### The Patents-In-Suit

11.     United States Patent No. 5,714,504 ("the '504 patent"), entitled "Compositions,"

was duly and legally issued by the United States Patent and Trademark Office on February 3,

1998.  The claims of the '504 patent are directed to pharmaceutical formulations for oral

administration comprising a pure solid state alkaline salt of the (-)-enantiomer of 5-methoxy-

2[[4-methoxy-3,5-dimethyl-2-pyridinylmethyl)sulfinyl]-1H-benzimidazole (claims 1-5), and

3

methods of inhibiting gastric acid secretion comprising the oral administration of pharmaceutical formulations of the alkaline salts of esomeprazole (claims 6, 7 and 10) and esomeprazole (8 and 9).  A true and correct copy of the '504 patent is attached as Exhibit A.

   12. AZ AB owns the '504 patent by assignment.  KBI-E is AZ AB's exclusive licensee under the '504 patent.  The '504 patent will expire on February 3, 2015, and pediatric exclusivity relating to the '504 patent will expire on August 3, 2015.

   13. United States Patent No. 6,875,872 ("the '872 patent"), entitled "Compounds," was duly and legally issued by the United States Patent and Trademark Office on April 5, 2005. The claims of the '872 patent are directed to magnesium salts of (-)-5-methoxy-2-[[(4-methoxy-3,5-dimethyl-2-pyridinyl)methyl]sulfinyl]-1H-benzimidazole (claims 1-12).  A true and correct copy of the '872 patent is attached as Exhibit B.

   14. AZ AB owns the '872 patent by assignment.  KBI-E is AZ AB's exclusive licensee under the '872 patent.  The '872 patent will expire on May 27, 2014, and pediatric exclusivity relating to the '872 patent will expire on November 27, 2014.

   15. United States Patent No. 6,369,085 ("the '085 patent"), entitled "Form of S-omperazole," was duly and legally issued by the United States Patent and Trademark Office on April 9, 2002.  The claims of the '085 patent are directed to magnesium salts of S-omeprazole trihydrate (claims 1-3), processes for the preparation of the aforementioned magnesium salts of S-omeprazole trihydrate (claims 4-10), pharmaceutical compositions comprising the aforementioned magnesium salts of S-omeprazole trihydrate (claim 11), and methods of treating gastric acid related conditions comprising administration of the aforementioned magnesium salts of S-omeprazole trihydrate (claim 12).  A true and correct copy of the '085 patent is attached as Exhibit C.

16.     AZ AB owns the '085 patent by assignment.  KBI-E is AZ AB's exclusive licensee under the '085 patent.  The '085 patent will expire on May 25, 2018, and pediatric exclusivity relating to the '085 patent will expire on November 25, 2018.

17.     United States Patent No. 7,411,070 ("the '070 patent"), entitled "Form of S-omeprazole," was duly and legally issued by the United States Patent and Trademark Office on August 12, 2008.  The claims of the '070 patent are directed to magnesium salts of S-omeprazole trihydrate (claims 1-2), and processes for the preparation of the aforementioned magnesium salts of S-omeprazole trihydrate (claims 3-4).  A true and correct copy of the '070 patent is attached as Exhibit D.

18.     AZ AB owns the '070 patent by assignment.  KBI-E is AZ AB's exclusive licensee under the '070 patent.  The '070 patent will expire on May 25, 2018, and pediatric exclusivity relating to the '070 patent will expire on November 25, 2018.

19.     United States Patent No. 7,745,466 ("the '466 patent"), entitled "Form of S-omeprazole," was duly and legally issued by the United States Patent and Trademark Office on June 29, 2010.  The claims of the '466 patent are directed to pharmaceutical compositions comprising a first and second active ingredient and a pharmaceutically acceptable carrier, wherein the first active ingredient is a magnesium salt of S-omeprazole trihydrate (claims 1-15), and methods for treating gastric acid related conditions comprising administration of the aforementioned compositions (claim 16).  A true and correct copy of the '466 patent is attached as Exhibit E.

20.     AZ AB owns the '466 patent by assignment.  KBI-E is AZ AB's exclusive licensee under the '466 patent.  The '466 patent will expire on October 13, 2018.

21.     United States Patent No. 6,926,907 ("the '907 patent"), entitled "Pharmaceutical

Compositions for the Coordinated Delivery of NSAIDs," was duly and legally issued by the United States Patent and Trademark Office on August 9, 2005. The claims of the '907 patent are directed to pharmaceutical compositions that provide for the coordinated release of an acid inhibitor and a NSAID (claims 1-21, and 53-55), and a method of treating a patient for pain or inflammation comprising administration of the aforementioned compositions (claims 22-52). A true and correct copy of the '907 patent is attached as Exhibit F.

22.    Pozen owns the '907 patent by assignment. AZ AB is Pozen's exclusive licensee under the '907 patent. The '907 patent will expire on February 28, 2023.

## The ANDA

23.    On information and belief, Lupin Ltd. filed ANDA No. 202654 with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval for Lupin Ltd. and Lupin Inc. to commercially manufacture, use, import, offer for sale, and sell in the United States naproxen and esomeprazole magnesium delayed release tablets containing 375 mg (naproxen)/20 mg (esomeprazole magnesium) or 500 mg naproxen (naproxen)/20 mg (esomeprazole magnesium) ("Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets"), which are generic versions of Plaintiffs' VIMOVO® Delayed Release Tablets in 375 mg (naproxen)/20 mg (esomeprazole magnesium) and 500 mg (naproxen)/20 mg (esomeprazole magnesium) strengths, respectively.

24.    By letter dated June 10, 2011 (the "ANDA Notice Letter"), Lupin Ltd. notified Plaintiffs that it had filed ANDA No. 202654 seeking approval to market Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets and was providing information to Plaintiffs pursuant to 21 U.S.C. § 355(j)(2)(B)(ii) and 21 C.F.R. § 314.95.

## JURISDICTION AND VENUE

25.    Subject matter jurisdiction over this action is proper pursuant to the provisions of Title 28, United States Code, Sections 1331 and 1338(a).

6

26.     On information and belief, Defendants are in the business of developing, formulating, manufacturing, marketing, offering to sell, selling and commercializing pharmaceutical products.

27.     On information and belief, Lupin Ltd., either directly or through one or more of its wholly owned subsidiaries and/or agents, develops, manufactures, distributes, markets, offers to sell, and sells generic drug products for sale and use throughout the United States, including within this judicial district.

28.     On information and belief, Lupin Inc., with the assistance and/or at the direction of Lupin Ltd., develops, manufactures, distributes, markets, offers to sell, and sells generic drug products for sale and use throughout the United States, including within this judicial district.

29.     On information and belief, Defendants acted in concert to develop Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, and to seek approval from the FDA to sell Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets throughout the United States, including within this judicial district.

30.     On information and belief, both Lupin Ltd. and Lupin Inc. have been and are engaging in activities directed toward infringement of the '504 patent, the '872 patent, the '085 patent, the '070 patent, the '466 patent, and the '907 patent (collectively "the patents-in-suit") by, *inter alia*, preparing and/or submitting ANDA No. 202654 seeking FDA approval to market Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets.  As stated in the ANDA Notice Letter, Defendants intend to market Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets before expiration of the patents-in-suit.  On information and belief and as stated in the ANDA Notice Letter, the FDA received ANDA No. 202654 from Lupin Ltd.

7

31.     In its ANDA Notice Letter, Lupin Ltd. stated that the name and address of its agent in the United States authorized to accept service of process for Defendants for purposes of an infringement action based upon its ANDA Notice Letter is Robert F. Green of Leydig, Voit and Mayer Ltd., 180 North Stetson, Suite 4900, Chicago, IL 60601.

32.     Upon information and belief, Lupin Ltd. is subject to personal jurisdiction in New Jersey because, among other things, Lupin Ltd., itself and through its wholly owned subsidiary Lupin Inc., has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court in New Jersey.  Upon information and belief, Lupin Ltd., itself and through its wholly owned subsidiary Lupin Inc., manufactures, markets, and/or sells generic drugs throughout the United States and within the State of New Jersey, and therefore transacts business within the State of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and continuous business contacts within the State of New Jersey.  Lupin Ltd. is subject to personal jurisdiction in New Jersey on the basis of its inducement of and/or contribution to Lupin Inc.'s acts of infringement in New Jersey.  In addition, Lupin Ltd. is subject to personal jurisdiction in New Jersey because, on information and belief, it controls and dominates Lupin Inc. and therefore the activities of Lupin Inc. in this jurisdiction are attributed to Lupin Ltd.

33.     On information and belief, this Court has personal jurisdiction over Lupin Inc. because Lupin Inc. has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court in New Jersey.  Upon information and belief, Lupin Inc. manufactures, markets, and/or sells generic drugs throughout the United States and within the State of New Jersey and therefore transacts business within the State of New Jersey related to Plaintiffs' claims, and/or has engaged in systematic and

8

continuous business contacts within the State of New Jersey.

34.     On information and belief, Lupin Inc. is registered to do business in New Jersey (business identification number 0100953673) and has appointed National Registered Agents, Inc., located at 100 Canal Pointe Blvd., Suite 212, Princeton, NJ 08540, as its registered agent for the receipt of service of process.

35.     On information and belief, both Lupin Ltd. and Lupin Inc. have previously been sued in this district and have not challenged personal jurisdiction.  *See, e.g.*, *AstraZeneca AB et al. v. Lupin Ltd. and Lupin Pharm. Inc.*, Civ. Action No. 3:09-cv-05404-JAP-TJB (D.N.J.); *Abbott Labs and Laboratoires Fournier S.A. v. Lupin Ltd. and Lupin Pharm. Inc.*, Civ. Action No. 2:09-cv-01007-GEB-MCA (D.N.J.); *Abbott Labs and Laboratoires Fournier S.A. v. Lupin Ltd. and Lupin Pharm. Inc.*, Civ. Action No. 2:10-cv-01578-DMC-JAD (D.N.J.); *Tibotec Inc. and Tibotec Pharm. v. Lupin Ltd., et al.*, Civ. Action No. 2:10-cv-05954-WHW-MAS (D.N.J.); *Novartis Corp. et al. v. Lupin Ltd. and Lupin Pharm. Inc.*, Civ. Action No. 2:06-cv-05954-GEB-ES (D.N.J.); and *Elan Int'l. Ltd. and Fournier Laboratories Ireland Ltd.*, Civ. Action No. 2:09-cv-01008-GEB-MCA (D.N.J.).

36.     On information and belief, Lupin Ltd. and Lupin Inc. have availed themselves of the jurisdiction of this court by initiating litigation in this district.  *See, e.g.*, *Lupin Ltd. and Lupin Pharm. Inc. v. Merck, Sharp & Dohme Corp.*, Civ. Action No. 3:10-CV-683-JAP-TJB (D.N.J.).

37.     On information and belief, by virtue of, *inter alia,* Defendants' continuous and systematic contacts with New Jersey, including but not limited to the above-described contacts, and the actions on behalf of Defendants in connection with ANDA No. 202654, this Court has personal jurisdiction over Defendants.  These activities satisfy due process and confer personal jurisdiction over Defendants consistent with New Jersey law.

38.     Venue is proper in this District pursuant to the provisions of Title 28, United States Code, Sections 1391(c) and (d), and 1400(b).

## COUNT I
## (INFRINGEMENT OF THE '504 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))

39.     Plaintiffs incorporate by reference paragraphs 1-38 of this Complaint as if fully set forth herein.

40.     By their ANDA Notice Letter, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '504 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '504 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation."

41.     On information and belief, at the time the ANDA Notice Letter was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 40, above.

42.     Defendants' ANDA Notice Letter, which is required by statute and regulation to provide a full and detailed explanation regarding non-infringement (see paragraph 40 above), does not allege and does not address non-infringement of claims 1-3, 5-6 and 10 of the '504 patent.  By not addressing non-infringement of claims 1-3, 5-6 and 10 of the '504 patent in the ANDA Notice Letter, Defendants admit that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets meet all limitations in claims 1-3, 5-6 and 10 of the '504 patent.

43.     Defendants have infringed one or more claims of the '504 patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in this patent, or the use of which is claimed in this patent, prior to the expiration of the '504 patent.

44.     On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be prescribed and administered to human patients for pain in a therapeutically effective amount to inhibit gastric acid secretion, which uses will constitute direct infringement of one or more claims of the '504 patent.  On information and belief, these uses will occur at Defendants' active behest and with their intent, knowledge and encouragement.  On information and belief, Defendants will actively induce, encourage, aid and abet this prescription and administration with knowledge and specific intent that these uses will be  in contravention of Plaintiffs' rights under the '504 patent

45.     On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are especially made or especially adapted to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment

with non-steroidal anti-inflammatory drugs (NSAIDS) by inhibiting gastric acid secretion.  On information and belief, Defendants are aware that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are so made or so adapted.  On information and belief, Defendants are aware that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be used in contravention of Plaintiffs' rights under the '504 patent.

46.     On information and belief, the manufacture, use and sale of Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets infringe the '504 patent claims.

47.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT II

## (INFRINGEMENT OF THE '872 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))

48.     Plaintiffs incorporate by reference paragraphs 1-38 of this Complaint as if fully set forth herein.

49.     By their ANDA Notice Letter, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '872 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '872 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed

12

statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed." The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds of supporting the allegation."

50. On information and belief, at the time the ANDA Notice Letter was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 49, above.

51. Defendants' ANDA Notice Letter, which is required by statute and regulation to provide a full and detailed explanation regarding non-infringement (see paragraph 49 above), does not allege and does not address non-infringement of claims 1-2, 4-5, 7-8, or 10-11 of the '872 patent. By not addressing non-infringement of claims 1-2, 4-5, 7-8, or 10-11 of the '872 patent in the ANDA Notice Letter, Defendants admit that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets meet all limitations in claims 1-2, 4-5, 7-8, or 10-11 of the '872 patent.

52. Defendants have infringed one or more claims of the '872 patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in this patent, prior to the expiration of the '872 patent.

53. On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be prescribed and administered to human patients, which uses will constitute direct infringement of one or more claims of the '872 patent. On information and belief, these uses will occur at Defendants' active behest and with their intent,

13

knowledge and encouragement.  On information and belief, Defendants will actively induce, encourage, aid and abet this prescription and administration with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '872 patent.

54.     On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are especially made or especially adapted for treatment of humans.  On information and belief, Defendants are aware that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are so made or so adapted.  On information and belief, Defendants are aware that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be used in contravention of Plaintiffs' rights under the '872 patent.

55.     On information and belief, the manufacture, use and sale of Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets infringe one or more claims of the '872 patent.

56.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT III

## (INFRINGEMENT OF THE '085 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))

57.     Plaintiffs incorporate by reference paragraphs 1-38 of this Complaint as if fully set forth herein.

58.     By their ANDA Notice Letter, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '085 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '085 patent, "is invalid or

14

will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds of supporting the allegation."

59.     On information and belief, at the time the ANDA Notice Letter was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 58, above.

60.     Defendants' ANDA Notice Letter, which is required by statute and regulation to provide a full and detailed explanation regarding invalidity (see paragraph 58 above), does not allege invalidity of any claims of the '085 patent.

61.     Defendants have infringed one or more claims of the '085 patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in this patent, prior to the expiration of the '085 patent.

62.     On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be prescribed and administered to human patients in the form of a pharmaceutical formulation and in a therapeutically effective amount to treat

15

gastric acid related conditions, which uses will constitute direct infringement of one or more claims of the '085 patent.  On information and belief, these uses will occur at Defendants' active behest and with its intent, knowledge and encouragement.  On information and belief, Defendants will actively induce, encourage, aid and abet this prescription and administration with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '085 patent.

63.     On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are especially made or especially adapted to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment with non-steroidal anti-inflammatory drugs (NSAIDS) by inhibiting gastric acid secretion.  On information and belief, Defendants are aware that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are so made or so adapted.  On information and belief, Defendants are aware that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be used in contravention of Plaintiffs' rights under the '085 patent.

64.     On information and belief, the manufacture, use and sale of Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets infringe the '085 patent claims.

65.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT IV

## (INFRINGEMENT OF THE '070 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))

66.     Plaintiffs incorporate by reference paragraphs 1-38 of this Complaint as if fully

16

set forth herein.

67.     By their ANDA Notice Letter, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '070 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '070 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds of supporting the allegation."

68.     On information and belief, at the time the ANDA Notice Letter was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 67, above.

69.     Defendants' ANDA Notice Letter, which is required by statute and regulation to provide a full and detailed explanation regarding invalidity (see paragraph 67 above), does not allege invalidity of any claims of the '070 patent.

70.     Defendants have infringed one or more claims of the '070 patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking

17

approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in this patent, prior to the expiration of the '070 patent.

71.    On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets contain a magnesium salt of esomeprazole trihydrate as claimed by the '070 patent.

72.    On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are manufactured by a process comprised of treating a magnesium salt of esomeprazole with water, as claimed by the '070 patent.

73.    On information and belief, the manufacture, use and sale of Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets infringe the '070 patent claims.

74.    Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## COUNT V

## (INFRINGEMENT OF THE '466 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))

75.    Plaintiffs incorporate by reference paragraphs 1-38 of this Complaint as if fully set forth herein.

76.    By their ANDA Notice Letter, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '466 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '466 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to

18

"include a detailed statement of the factual and legal basis of the opinion of the applicant that the patent is not valid or will not be infringed." The FDA Rules and Regulations (21 C.F.R. § 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed statement of the factual and legal basis of applicant's opinion that the patent is not valid, unenforceable, or will not be infringed." The detailed statement is to include "(i) [f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds of supporting the allegation."

77. On information and belief, at the time the ANDA Notice Letter was served, Defendants were aware of the statutory provisions and regulations referred to in paragraph 76, above.

78. Defendants' ANDA Notice Letter, which is required by statute and regulation to provide a full and detailed explanation regarding invalidity (see paragraph 76 above), does not allege invalidity of any claims of the '466 patent.

79. Defendants have infringed one or more claims of the '466 patent under 35 U.S.C. § 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed in this patent, prior to the expiration of the '466 patent.

80. On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets contain a magnesium salt of esomeprazole trihydrate as claimed by the '466 patent.

81. On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are especially made or especially adapted to treat gastric acid related

19

conditions via the administration of a therapeutically effective amount of a pharmaceutical formulation containing esomeprazole magnesium trihydrate and a non-steroidal anti-inflammatory agent. On information and belief, Defendants are aware that its naproxen and esomeprazole magnesium delayed release tablets are so made or so adapted.  On information and belief, Defendants are aware that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be used in contravention of Plaintiffs' rights under the '466 patent.

82.     On information and belief, the manufacture, use and sale of Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets infringe the '466 patent claims.

83.     Plaintiffs will be substantially and irreparably harmed by the infringing activities described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

**COUNT VI**

**(INFRINGEMENT OF THE '907 PATENT UNDER 35 U.S.C. § 271(e)(2)(A))**

84.     Plaintiffs incorporate by reference paragraphs 1-38 of this Complaint as if fully set forth herein.

85.     By their ANDA Notice Letter, Defendants informed Plaintiffs that as part of their ANDA they had filed a certification of the type described in 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV") with respect to the '907 patent.  This statutory section requires, *inter alia*, certification by the ANDA applicant that the subject patent, here the '907 patent, "is invalid or will not be infringed by the manufacture, use, or sale of the new drug for which the application is submitted . . . ."  The statute (21 U.S.C. § 355(j)(2)(B)(iv)) also requires a Paragraph IV notice to "include a detailed statement of the factual and legal basis of the opinion of the applicant that the

patent is not valid or will not be infringed."  The FDA Rules and Regulations (21 C.F.R.

§ 314.95(c)) specify, *inter alia*, that a Paragraph IV notification must include "[a] detailed

statement of the factual and legal basis of applicant's opinion that the patent is not valid,

unenforceable, or will not be infringed."  The detailed statement is to include "(i) [f]or each

claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is

not infringed" and "(ii) [f]or each claim of a patent alleged to be invalid or unenforceable, a full

and detailed explanation of the grounds supporting the allegation."

86.     On information and belief, at the time the ANDA Notice Letter was served,

Defendants were aware of the statutory provisions and regulations referred to in paragraph 85,

above.

87.     Defendants' ANDA Notice Letter, which is required by statute and regulation to

provide a full and detailed explanation regarding non-infringement (see paragraph 85 above),

does not allege and does not address non-infringement of claims 1, 5, 9-17, 22-24, 28-29, 32-35,

37, 41-42, 45-48, and 50-55 of the '907 patent.  By not addressing non-infringement of claims 1,

5, 9-17, 22-24, 28-29, 32-35, 37, 41-42, 45-48, and 50-55 of the '907 patent in the ANDA Notice

Letter, Defendants admit that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release

Tablets meet all limitations in claims 1, 5, 9-17, 22-24, 28-29, 32-35, 37, 41-42, 45-48, and 50-

55 of the '907 patent.

88.     Defendants have infringed one or more claims of the '907 patent under 35 U.S.C.

§ 271(e)(2), either literally or under the doctrine of equivalents, by filing their ANDA seeking

approval from the FDA to engage in the commercial manufacture, use or sale of a drug claimed

in this patent, prior to the expiration of the '907 patent.

89.     On information and belief, the commercial manufacture, use, sale, offer for sale,

ME1 12030444v.1

or importation into the United States of Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved by the FDA, will constitute direct infringement of claims 1, 5, 9-17, and 53-55 of the '907 patent.

90. On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be prescribed and administered to human patients to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment with NSAIDs, which uses will constitute direct infringement of claims 22, 23, 35, 48, and 50-52 of the '907 patent. On information and belief, these uses will occur with Defendants' specific intent, knowledge and encouragement. On information and belief, Defendants will actively induce, encourage, aid and abet this prescription and administration, with knowledge and specific intent that these uses will be in contravention of Plaintiffs' rights under the '907 patent.

91. On information and belief, Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are especially made or especially adapted to relieve the signs and symptoms of osteoarthritis, rheumatoid arthritis, and ankylosing spondylitis, and to decrease the risk of stomach (gastric) ulcers in patients at risk of developing stomach ulcers from treatment with non-steroidal anti-inflammatory drugs (NSAIDS) by inhibiting gastric acid secretion. On information and belief, Defendants are aware that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets are so made or so adapted. On information and belief, Defendants are aware that Lupin's Naproxen and Esomeprazole Magnesium Delayed Release Tablets, if approved, will be used in contravention of Plaintiffs' rights under the '907 patent.

92. Plaintiffs will be substantially and irreparably harmed by the infringing activities

described above unless those activities are precluded by this Court.  Plaintiffs have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.      A judgment that the claims of the patents-in-suit are valid and enforceable;

B.      A judgment that the submission of ANDA No. 202654 by Defendants infringes one or more claims of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A);

C.      A judgment providing that, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any FDA approval of Defendants' ANDA No. 202654 shall be no earlier than the later of the expiration date of the last to expire of the patents-in-suit or any later exclusivity to which Plaintiffs are or become entitled;

D.      A judgment pursuant to 35 U.S.C. § 271(e)(4)(B) permanently enjoining Defendants, and all persons acting in concert with any of them, from making, using, selling, offering to sell, or importing the naproxen and esomeprazole magnesium product described in Defendants' ANDA No. 202654 no earlier than the later of the expiration date of the last to expire of the patents-in-suit or any later exclusivity to which Plaintiffs are or become entitled;

E.      Attorneys' fees in this action pursuant to 35 U.S.C. § 285;

F.      Costs and expenses in this action; and

G.      Such further and other relief as this Court may deem just and proper.

ME1 12030444v.1

Dated: July 25, 2011
By:

Mary W. Bourke
Kristen Healey Cramer
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

R. James Balls
CONNOLLY BOVE LODGE & HUTZ LLP
1875 Eye Street, NW
Suite 1100
Washington, DC  20006
(202) 572-0335

*Of Counsel for Plaintiffs AstraZeneca AB,
AstraZeneca LP, and Pozen Inc.*

Henry J. Renk
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas
New York, NY 10104-3800

*Of Counsel for Plaintiffs AstraZeneca AB
AstraZeneca LP, and KBI-E Inc.*

/s/John E. Flaherty

John E. Flaherty
Jonathan M.H. Short
Carissa L. Rodrigue
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102
(973) 622-4444

*Counsel for Plaintiffs AstraZeneca AB,
AstraZeneca LP, KBI-E Inc., and Pozen Inc.*

Einar Stole
COVINGON & BURLING LLP
1201 Pennsylvania Avenue, NW
Washington, DC 20004-2401
(202) 662-5095

*Of Counsel for Plaintiffs AstraZeneca AB and
AstraZeneca LP*

Stephen M. Hash
VINSON & ELKINS LLP
2801 Via Fortuna
Suite 100
Austin, TX 78746-7568
(512) 542-8504

*Of Counsel for Plaintiff Pozen Inc.*

24

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

Pursuant to Local Civil Rule 11.2, I hereby certify that the matter in controversy is related to the subject matter of *ASTRAZENECA AB, ASTRAZENECA LP, and POZEN INC.  v. DR. REDDY'S LABORATORIES INC. and DR. REDDY'S LABORATORIES LTD.*, Civil Action No. 3:11-cv-02317-JAP-LHG (D.N.J.) (the "VIMOVO® DRL case").  The VIMOVO® DRL case involves the same patent -- United States Patent No. 6,926,907 -- and the same product -- VIMOVO® -- as the matter in controversy.  Civil Action No. 11-2317 has been assigned to Hon. Joel A. Pisano, U.S.D.J.

Furthermore, I certify that the matter in controversy is related to the subject matter of the following active cases (the "NEXIUM® cases") currently pending before Judge Pisano:

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC. and KBI-E INC. v. LUPIN LTD. and LUPIN PHARMACEUTICALS, INC.*, Civil Action No. 3:09-cv-05404-JAP-TJB (D.N.J.).

- *ASTRAZENECA AB, AKTIEBOLAGET HÄSSLE, ASTRAZENECA LP, KBI INC. and KBI-E INC. v. HANMI USA, INC., HANMI PHARMACEUTICAL CO., LTD., HANMI FINE CHEMICAL CO., LTD, and HANMI HOLDINGS CO., LTD.*, Civil Action No. 3:11-cv-00760-JAP-TJB (D.N.J.).

NEXIUM® is a product marketed by AstraZeneca that contains esomeprazole magnesium.  The product involved in the matter in controversy -- VIMOVO® -- contains naproxen and esomeprazole magnesium (the active ingredient in NEXIUM®).  The NEXIUM® cases involve one or more of four patents asserted in the matter in controversy: United States Patent Numbers 5,714,504; 6,875,872; 6,369,085; and 7,411,070.  Civil Action No. 09-5404 involves the '504, '085, '872, and '070 patents, and Civil Action No. 11-0760 involves the '504 patent.

Therefore, for the sake of judicial economy and with regard to Judge Pisano's familiarity

with the NEXIUM® patents asserted in the matter in controversy, Plaintiffs believe the

VIMOVO® DRL case, NEXIUM cases, and the matter in controversy are all related.

Accordingly, Plaintiffs respectfully request that the matter in controversy be assigned to Judge

Pisano.


Dated: July 25, 2011                        /s/John E. Flaherty
By:
                                            John E. Flaherty
Mary W. Bourke                              Jonathan M.H. Short
Kristen Healey Cramer                       Carissa L. Rodrigue
CONNOLLY BOVE LODGE & HUTZ LLP             MCCARTER & ENGLISH, LLP
1007 N. Orange Street                       Four Gateway Center
P.O. Box 2207                               100 Mulberry Street
Wilmington, DE 19899                        Newark, New Jersey 07102
(302) 658-9141                              (973) 622-4444

R. James Balls                             *Counsel for Plaintiffs AstraZeneca AB,*
CONNOLLY BOVE LODGE & HUTZ LLP             *AstraZeneca LP, KBI-E Inc., and Pozen Inc.*
1875 Eye Street, NW
Suite 1100                                 Einar Stole
Washington, DC  20006                      COVINGTON & BURLING LLP
(202) 572-0335                             1201 Pennsylvania Avenue, NW
                                            Washington, DC 20004-2401
*Of Counsel for Plaintiffs AstraZeneca AB,* (202) 662-5095
*AstraZeneca LP, and Pozen Inc.*
                                            *Of Counsel for Plaintiffs AstraZeneca AB and*
Henry J. Renk                              *AstraZeneca LP*
FITZPATRICK, CELLA, HARPER & SCINTO
1290 Avenue of the Americas                Stephen M. Hash
New York, NY 10104-3800                    VINSON & ELKINS LLP
                                            2801 Via Fortuna
*Of Counsel for Plaintiffs AstraZeneca AB* Suite 100
*AstraZeneca LP, and KBI-E Inc.*           Austin, TX 78746-7568
                                            (512) 542-8504

                                            *Of Counsel for Plaintiff Pozen Inc.*


26